VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

PAIGE BARCO,

      Plaintiff,

v.                          LAW NO. *L 15-7959

WAL-MART STORES EAST, LP
SERVE:     CT Corporation System, R/A
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060
and
WAL-MART STORES, INC.
SERVE:     CT Corporation System, R/A
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060

and
WAL-MART SUPERCENTER
(Chesapeake City)
and
WALMART #3644

      Defendants.

## COMPLAINT

    NOW COMES the Plaintiff, Paige Barco, by counsel, and moves this Honorable Court

for judgment against the Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., Wal-Mart

Supercenter (Chesapeake City) and Walmart #3644, jointly and severally, in the amount and

upon the grounds set forth as follows:

    1. On or about August 28, 2013, the Plaintiff was lawfully on the premises of the

Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., Wal-Mart Supercenter

(Chesapeake City) and Walmart #3644, located at 201 Hillcrest Parkway, in the City of

Chesapeake, Virginia, as a business invitee for the purpose of purchasing merchandise.

Page 1 of 4



2.  At all relevant times, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc, were Delaware corporations which regularly do business in the City of Norfolk, Virginia, according to the appropriate statutes of the Commonwealth of Virginia and are subject to and within the jurisdiction and venue of this Honorable Court.

3.  The Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., Wal-Mart Supercenter (Chesapeake City) and Walmart #3644, their employees, agents and servants owed the Plaintiff the duty to exercise ordinary care in the maintenance of its premises to protect the Plaintiff from harm and had the duty to warn of any dangerous or hazardous conditions.

4.  Notwithstanding said duties, the Defendants, their employees and agents negligently allowed a slippery substance, including water which had dripped from the ceiling, to accumulate on the floor of its premises in such a manner as to create a dangerous and hazardous condition.

5.  Said negligent and reckless conduct caused a slippery substance, including water, to accumulate on the floor of the premises, creating a dangerous and hazardous condition.  Said dangerous and hazardous condition was known or should have been known to exist by the Defendants, their employees and agents, and was allowed to remain on the premises for a period of time without being properly removed or without the proper placement of signs or other information warning the Plaintiff of the dangerous and hazardous condition.

6.  The negligence of the Defendants includes but is not limited to failure to properly maintain their premises;  failure to remove a dangerous and hazardous condition; failure to warn of a dangerous and hazardous condition; failure to comply with safety rules and/or industry standards applicable to the Defendants' business.

7.  As a direct and proximate result of the negligence of the Defendants, their employees

and agents. the Plaintiff was permanently and seriously injured.

8. As a direct and proximate result of the negligence of the Defendants. their employees and agents. the Plaintiff has suffered damages in the following particulars:

A. Bodily injuries both permanent and nonpermanent in nature which have affected the Plaintiff's health;

B. Past. present and future physical pain and mental anguish;

C. Disfigurement and/or deformity coupled with associated humiliation and embarrassment;

D. Past, present and future inconvenience:

E. Past, present and future medical expenses;

F. Past, present and future lost earnings and a lessening of earning capacity:

G. Property damage; and

H. Other out-of-pocket expenses and damages resulting from this occurrence.

WHEREFORE. the Plaintiff moves this Honorable Court for judgment against the Defendants, Wal-Mart Stores East, LP. Wal-Mart Stores, Inc.. Wal-Mart Supercenter (Chesapeake City) and Walmart #3644, jointly and severally, in the amount of Seven Hundred Fifty Thousand Dollars.($750,000.00) Dollars plus interest from the date of the occurrence and costs expended on his behalf.

TRIAL. BY JURY IS DEMANDED.

PAIGE BARCO

By_____
                    Of Counsel

Michael L. Goodove, Esq.
SWARTZ. TALIAFERRO,
SWARTZ & GOODOVE, P. C.
220 West Freemason Street
Norfolk, VA 23510
(757) 275-5000
(757) 626-1003 (Facsimile)